IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sheila Quigley, | ) | Civil Action No. _2:22-cv-00543-DCN_ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **Jury Trial Demanded** |
| Pelican Watch Villas Council of | ) | |
| Co-Owners, Inc., Pelican Watch Villas | ) | |
| Council of Co-Owners, Inc.'s Board of | ) | |
| Administration, Gregory Skovira, David | ) | |
| Discher, Robert Wright, Allan Dasher, | ) | |
| and Phillip Bowden, individually | ) | |
| and in their official capacities as members | ) | |
| of the Pelican Watch Villas Council of | ) | |
| Co-Owners, Inc. Board of Administration, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

COMES NOW the Plaintiff Sheila Quigley and files this Complaint and would respectfully show onto this Court as follows:

## NATURE OF THE ACTION

1.  In this action, the Plaintiff herein seeks to recover damages for the violation of federal and state housing anti-discrimination laws, Title VIII of the Civil Rights Act of 1968, *as amended*, 42 U.S.C. § 3601 *et seq.* ("Fair Housing Act") and S.C. Code Ann. § 31-21-10 ("South Carolina Fair Housing Law") and seeks to enjoin the Defendants from further violating these laws.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S. Code § 1367. Venue is proper in the District of South Carolina pursuant to 28 U.S.C. § 1391 and in the Charleston Division pursuant to D.S.C. Local Civil Rule 3.01(A)(1), because a substantial part of

the events or omissions giving rise to the claims occurred in this State and Division, the property that is the subject of this action is situated in the Division, and the Defendants do business relating to the events or omissions alleged herein within this State and Division.

## PARTIES

3.   Plaintiff is a citizen and resident of Charleston County, South Carolina.

4.   Defendant Pelican Watch Villas Council of Co-Owners, Inc is a non-profit corporation organized and existing pursuant to the laws of the State of South Carolina with its principal office located in Charleston County, South Carolina. Defendant's Board of Administration ("the Board") regulates, maintains and oversees the General Common Elements and Limited Common Elements of the Pelican Watch Horizontal Property Regime ("Pelican Watch"), a homeowners association located on Seabrook Island, in Charleston County, South Carolina.

5. The Defendants, Gregory Skovira, David Discher, Robert Wright, Allan Dasher and Phillip Bowden are members of the Board of Administration of the Pelican Watch Villas Council of Co-Owners, Inc.

## FACTS

6. Plaintiff Quigley along with her spouse resides in two apartments located in Pelican Watch which have been combined into one, contiguous unit by the Plaintiff. These apartments are located at 1362 & 1364 Pelican Watch Villas, Seabrook Island, South Carolina 29455.

7. The Plaintiff is a disabled eighty-six-year-old individual who has been diagnosed with asthma that is significantly worsened by stress and severe allergic reactions to environmental factors. Plaintiff's major life activities, including breathing, walking, climbing stairs, and lifting or carrying heavy objects, are substantially limited by these physical impairments.

8. Plaintiff is an individual with a "handicap" as that term is defined by both S.C. Code Ann.

2

§ 31-21-30(7) and 42 U.S.C. § 3602(h).

9. As Plaintiff's physical impairments worsened in the years and months leading up to May 2017, she became unable to obtain full enjoyment of the premises in Pelican Watch. Specifically, Plaintiff became unable to access the second floor of the combined apartments without significantly exacerbating her conditions and required assistance to gain access to the second floor.

10. On May 31, 2017, Plaintiff submitted to the Defendants a written request for a reasonable modification to the premises. *See* Request for Exterior Alteration/Improvement Conditional Approval, attached hereto as Exhibit A. In this written request, Plaintiff requested the reasonable modification of permission to install a chair lift on the exterior stairs to the exterior second-floor landing, which would allow her to access her second-floor apartment unit. In the appropriate column, the Plaintiff clearly marked "Handicap Access (site plan & description)" as the basis for the proposed modification.

11. The cost of installation of the chair lift was to be borne entirely by the Plaintiff. The Plaintiff provided detailed information regarding the chair rail placement to the owners of the two units below her units as requested. Neither of these property owners objected to the installation of the chair lift.

12. Despite this request for a reasonable modification in May of 2017, the Defendants unreasonably delayed for a period of nearly six months before taking action on Plaintiff's request. During this period, Plaintiff was unable to obtain the full enjoyment of the entire premises and was prejudiced by the Defendants' unjustified delay, thereby suffering emotional and mental distress.

13. On November 20, 2017, Defendant Board sent the email attached hereto as Exhibit B. In this email, the Board stated that the Board approved, "the installation of the chair lift from the first-floor landing to the second-floor landing contingent upon the execution of an Agreement of Understanding between [Plaintiff] and the Board stipulating the conditions of the approval as required by the Board." The email did not specify what the "conditions of the approval" referenced would be.

14. After this email was sent, the Defendants thereafter delayed for an additional eleven months in preparing a proposed Exterior Modification Agreement between the Defendant Board and Plaintiff, despite the Board's representing in its earlier email that the Board would "immediately authorize our legal council [sic] to begin the preparation of the agreement."

15. During this additional period of unjustified and unreasonable delay, Plaintiff continued to be unable to enjoy full use of the premises. The nature of the premises in which the conjoined apartments are located precluded the possibility of installing an internal elevator between the floors. Installation of the requested modification was therefore the only means to provide Plaintiff with access to the second-floor apartment. This unjustified and unreasonable delay resulted in further physical, emotional and mental distress to the Plaintiff.

16. On or around October 12, 2018, Plaintiff authorized installation of the requested modification chair lift according to the specifications she had provided the Board based on (1) the Defendants' approval of the request in writing, (2) the unjustified delay of over sixteen months since Plaintiff had first submitted her request for a reasonable modification, and (3) the approval of her request to install the chairlift by the Seabrook Island Property Owners Association, the Town of Seabrook Island, and Charleston County.

17. On October 19, 2018, when the Board's Exterior Modification Agreement was finally sent to the Plaintiff for review, Plaintiff discovered that one of the "conditions" imposed by the Agreement itself constituted a violation of federal and state housing anti-discrimination laws and therefore she refused to execute it.  See Exhibit C.

18. The unlawful provision at issue provided that, "The [Board] reserves the right to require the removal of the Exterior Modification for *any reason* deemed appropriate in the sole discretion of the Board," without regard to Plaintiff's rights to any such reasonable modification under the law. Subsequent language proposed by the Board was similarly unlawful.  The Board demanded removal of the exterior modification unless Plaintiff agreed to this unlawful term.

19. After receiving written notice in May 2017 of Plaintiff's status as a "handicapped person," Defendants thereafter took the following discriminatory actions against Plaintiff, including, but not limited to:

  a.  Unreasonably delaying in approving Plaintiff's request for a reasonable modification for almost six months;

  b.  Unreasonably delaying in preparing and sending the allegedly required, proposed Exterior Modification Agreement to Plaintiff for an additional, almost eleven months; and

  c.  Unlawfully including a condition in the Exterior Modification Agreement that would give the Defendants the unfettered right to revoke approval of the exterior reasonable modification.

20. On or about November 21, 2018, based on the above discriminatory actions, Plaintiff filed a complaint of housing discrimination with the South Carolina Human Affairs Commission ("SCHAC") and with the U.S. Department of Housing and Urban Development, alleging violations of the federal Fair Housing Act and the South Carolina Fair Housing Law. Plaintiff's

complaint alleged the Board had failed to approve reasonable modifications and had interfered with the exercise of Plaintiff's rights under the South Carolina Fair Housing Law and Fair Housing Act. Plaintiff's complaint similarly alleged that the violations of the law had occurred because of Plaintiff's disability.

21. Prior to the filing of the Plaintiff's complaint of housing discrimination, the Plaintiff advised counsel for the Defendant Board of her intention to request an investigation by the SCHAC over the Board's failure to comply with State and Federal Fair Housing laws and regulations. Thereafter, the Plaintiff also advised the Board and its counsel of the actual filing of the complaint with the SCHAC against the Board. Both notifications were made via email communications during the month of November 2018.

22. On December 19, 2018, in a retaliatory action taken less than one month after Plaintiff had filed her Complaint with SCHAC and had notified the Board of the filing of her Complaint with SCHAC, the Board filed suit against the Plaintiff, as trustee of a trust organized to own the apartments at issue, in the Charleston County Court of Common Pleas. In this action, the Board sought a declaration from the court that Plaintiff had failed to satisfy one of the conditions of the approval granted to install the reasonable modification and that Plaintiff must either sign the Exterior Modification Agreement or remove the chairlift modification.

23. The Defendant Board's state court action would therefore have required Plaintiff to enter into an agreement containing terms contrary to state and federal law and that was filed in retaliation for Plaintiff engaging in protected activity of filing a complaint of discrimination with the appropriate authorities.

24. The action filed in the Charleston County Court of Common Pleas was filed by the Defendant Board in order to coerce, intimidate, threaten, or interfere with Plaintiff in the exercise

of her rights under the Fair Housing Act and South Carolina Fair Housing Law and in retaliation against Plaintiff because she had made a complaint regarding Defendants' discriminatory housing practices to SCHAC.

25. After the filing of the retaliatory state court action, Plaintiff amended her complaint of discrimination with SCHAC to add retaliation as an additional basis of discrimination.

26**.** In early 2019, SCHAC personnel notified Plaintiff that the Defendants wanted to conciliate to reach an agreement that would resolve the issues raised in Plaintiff's complaint filed with SCHAC. The Board then, for more than two years refused to negotiate in good faith, consistently rejecting a series of proposed agreements developed during the conciliation process. Finally, in July and August of 2021, SCHAC's legal staff negotiated directly with the Board's counsel and sent SCHAC's proposed agreement to the Defendant Board. The Board refused to sign that agreement and ceased its participation in the conciliation process.

27. The Defendant Board intentionally misrepresented material facts to the SCHAC during the course of its investigation, including misrepresenting that the Plaintiff had failed to provide the Board with notice of her disability at the time of her initial request to install a chairlift and prior to her filing of the discrimination complaint. This intentional misrepresentation by the Defendants resulted in SCHAC's dismissal of Plaintiff's complaint.

28.  Defendant Board members have acted with reckless disregard toward the rights of Plaintiff and in bad faith, unreasonably, willfully, wantonly and outside the scope of their authority in personally participating in and directing the Board's discriminatory and retaliatory conduct towards Plaintiff. Defendant Board members have breached their fiduciary duty owed to the Board and Pelican Watch by willfully and knowingly directing the above-referenced unlawful conduct towards Plaintiff.

28.  As a result of Defendant's discriminatory and retaliatory actions, Plaintiff has suffered, and continues to suffer harm from Defendant's conduct, including loss of full enjoyment of the premises located in Pelican Watch.

## FOR A FIRST CAUSE OF ACTION
## Violations of the Fair Housing Act

29. The Plaintiff incorporates all preceding and subsequent paragraphs of this Complaint.

30. The apartments in Pelican Watch, including those listed or referred to above, are "dwellings" within the meaning of 42 U.S.C. § 3602(b)

31. The Plaintiff is an individual with a "handicap,"[1] as that term is defined by 42 U.S.C. § 3602(h), as the Plaintiff has one or more physical impairments which substantially limit one or more of her major life activities.

32. The Defendants' actions described herein constitute:

   a. discrimination in the sale or rental, or otherwise making unavailable or denying, a dwelling because of disability, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(1);

   b. discrimination in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability, in violation of the  Fair Housing Act, 42  U.S.C. § 3604(f)(2)

   c.  a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be

---

[1] Throughout this Complaint, the Plaintiff uses the term "disability" interchangeably with "handicap."  For purposes of the Act, the terms have the same meaning. *See Helen L. v. DiDario*, 46 F.3d 325, 330 n.8 (3rd Cir. 1995) (change from "handicap' to "disability" reflects Congress' awareness that individuals with disabilities find the term "handicapped" objectionable), *cert. denied sub nom.*, *Pa. Sec'y of Pub. Welf. v. Idell*, 516 U.S. 813 (1995).

necessary to afford such person full enjoyment of the premises, in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(A); and

    d. interference with the rights of persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged persons with disabilities in the exercise or enjoyment of rights granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617;

    e. retaliation for having filed a complaint and an amended complaint with the U.S. South Carolina Human Affairs Commission ("SCHAC") and the U.S. Department of Housing and Urban Development alleging violations of the Fair Housing Act and the South Carolina Fair Housing Law and,

    f. willful misrepresentations to SCHAC that Defendants had not been notified and were unaware of Plaintiff's disability, resulting in the dismissal of Plaintiff's complaint.

33. The Defendants acted intentionally, willfully, and in blatant disregard for the rights of Plaintiff and of others.

34. The Defendants' conduct constitutes malicious, reckless and/or intentional violations of Plaintiff's rights under the Fair Housing Act, entitling her to punitive damages.

35. The actions and inactions of the Defendants have caused, and continue to cause the Plaintiff severe emotional and mental distress, embarrassment, humiliation, pain and suffering, loss of enjoyment of life, loss of enjoyment of the premises referenced herein, and other non-pecuniary losses.

36. Due to the Defendants' conduct, the Plaintiff is also entitled to an injunction prohibiting the unlawful discriminatory practices of the Defendants, and all such other relief as this Court deems allowable under law or equity, including her costs and attorneys' fees.

## FOR A SECOND CAUSE OF ACTION
### Violation of the South Carolina Fair Housing Law

37. The Plaintiff incorporates all preceding and subsequent paragraphs of this Complaint.

38. The apartments in Pelican Watch, including those listed or referred to above, are "dwellings" within the meaning of S.C. Code Ann. § 31-21-30(5).

39. The Plaintiff is an individual with a "handicap," as that term is defined S.C. Code Ann. § 31-21-30(7), as the Plaintiff has one or more physical impairments which substantially limit one or more of her major life activities.

40. The Defendants' actions described herein constitute:

   a. discrimination in the sale or rental, or otherwise making unavailable or denying, a dwelling because of disability, in violation of the South Carolina Fair Housing Law, S.C. Code Ann. § 31-21-40(6).

   b. discrimination in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of disability, in violation of the South Carolina Fair Housing Law, S.C. Code Ann. § 31-21-40(7)

   c. a refusal to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied by such person if such modifications may be necessary to afford such person full enjoyment of the premises, in violation of the South Carolina Fair Housing Law, S.C. Code Ann. § 31-21-70(G)(1);

   d. interference with the rights of persons in the exercise or enjoyment of, or on account of their having exercised or enjoyed, or on account of their having aided or encouraged persons with disabilities or "handicapped" individuals in the exercise or enjoyment of rights granted or protected by the South Carolina Fair Housing Law, in violation of S.C. Code Ann. §31-21-80;

e. retaliation for having filed a complaint and an amended housing complaint with the South Carolina Human Affairs Commission ("SCHAC") alleging violations of the Fair Housing Act and the South Carolina Fair Housing Law; and

f. willful misrepresentation to SCHAC that Defendants had not been notified and were unaware of Plaintiff's disability, resulting in the dismissal of Plaintiff's complaint.

41. The Defendants acted intentionally, willfully, and in blatant disregard for the rights of Plaintiff and of others.

42. The Defendants' conduct constitutes malicious, reckless and/or intentional violations of Plaintiff's rights under the South Carolina Fair Housing Law, entitling her to punitive damages.

43. The actions and inactions of the Defendants have caused, and continue to cause the Plaintiff severe emotional and mental distress, embarrassment, humiliation, pain and suffering, loss of enjoyment of life, loss of enjoyment of the premises referenced herein, and other non-pecuniary losses.

44. Due to the Defendants' conduct, the Plaintiff is also entitled an injunction prohibiting the unlawful housing practices of the Defendants, and all such other relief as this Court deems allowable under law or equity, including her costs and attorneys' fees pursuant to S.C. Code Ann. § 31-21-140.

## DEMAND FOR JURY TRIAL

45. Plaintiff demands a trial by jury of all issues triable to a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a.   exercise jurisdiction over the parties and subject matter of this action;

b.  set this case down for trial by jury on all issues so triable;

c.  enter temporary, preliminary, and permanent injunctions which enjoin the Defendants from further violating the Fair Housing Act and South Carolina Fair Housing Law;

d.  award Plaintiff all relief available under the claims pled herein, including compensatory damages, actual and exemplary damages, punitive damages, pre-judgment interest; and attorney's fees and costs; and

e.  grant such other and further relief as is deemed just and proper.

**GIBBS & HOLMES**

s/ Rebecca J. Wolfe

Allan R. Holmes (Fed. ID 1925)
Cheryl H. Ledbetter (Fed. ID 11446)
Rebecca J. Wolfe (Fed. ID 12634)
171 Church Street, Suite 110
Charleston, South Carolina 29401
Telephone: 843-722-0033
Fax:  843-722-0114

**ATTORNEYS FOR PLAINTIFF**

February 21, 2022
Charleston, South Carolina

12